IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01201-GPG

TERRELL L. RICHERT,

    Plaintiff,

v.

MESA COUNTY DETENTION FACILITY,
MESA COUNTY SHERIFF'S DEPT., and
MESA COUNTY SHERIFF'S OFFICER SELLERS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff initiated this action on June 8, 2015, by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Subsequently, Plaintiff filed an Prisoner Complaint pursuant to the June 9, 2015 Order to Cure Deficiencies. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to amend this Complaint for the following reasons.

Although Plaintiff has asserted claims against Defendant Sellers, neither the Mesa County Detention Facility nor the Mesa County Sheriff's Department are separate entities from Mesa County, and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Mesa County Detention Facility or the

Mesa County Sheriff's Department must be considered as asserted against Mesa County.

Municipalities and municipal entities, such as the Mesa County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and **that there is a direct causal link between the policy or custom and the injury alleged**. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that contains all requested information, asserts all claims, and is in keeping with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will dismiss this action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED June 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

3

_____
United States Magistrate Judge