IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01201-GPG

TERRELL RICHERT,

    Plaintiff,

v.

MESA COUNTY DETENTION FACILITY, et al.,

    Defendants.

---

### SECOND ORDER TO AMEND

---

On June 22, 2015, the Court directed Plaintiff to amend his Prisoner Complaint, which he did on August 3, 2015. Specifically, the Court acknowledged that Plaintiff had stated claims against Defendant Sellers; but the Court instructed Plaintiff that Defendants County Detention Facility and the Mesa County Sheriff's Department are not persons under 42 U.S.C. § 1983, and any claim against them is considered as asserted against Mesa County. Plaintiff was directed that to assert a claim against Mesa County he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Based on the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

Plaintiff asserts three claims in the Amended Complaint. In Claim One, Plaintiff

alleges he was kicked by a "Big Red Headed Mesa County Sheriffs Deputy," that resulted in an injury to Plaintiff's leg and a stroke, which caused blindness in Plaintiff's left eye. ECF No. 1 at 7. In Claim Two, Plaintiff asserts that the Mesa County Detention Facility has destroyed or tampered with his mail in an effort to stop his "legal suit." *Id.* at 9. In Claim Three, Plaintiff asserts that the Mesa County Detention Facility Medical Department is refusing to provide him the proper dosage of his blood pressure medication and to treat his ulcer. In particular, Plaintiff contends that when he asked a "Brown Haired Nurse" about treatment for his ulcer the nurse replied, "What are you going to do put that in your law suit[?]" *Id.* at 10. Plaintiff further contends the nurse refused to give him a grievance form. Plaintiff seeks money damages.

The only named defendant in the caption of the Amended Complaint is "Mesa County Detention Facility." As stated above, Plaintiff was instructed in the Court's June 22, 2015 Order that the Mesa County Detention Facility is not a properly named defendant in a § 1983 action. In the body of the Amended Complaint, Plaintiff refers to Sergeant Lee, but he does not state that Sergeant Lee violated his constitutional rights.

To state a claim pursuant to § 1983, Plaintiff must identify the individual who personally participated in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone

3

is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Plaintiff may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service. Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order a Second Amended Complaint that complies with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order the Court will dismiss this action without further notice. It is

FURTHER ORDERED that the Clerk of the Court is directed to enter Page One of ECF No. 9 as a separate entry on the Docket and to title the entry as "Notice of Amended Complaint." It is

FURTHER ORDERED that the Clerk of the Court is directed to enter Pages Two and Three of ECF No. 9 as a separate entry on the Docket, title the entry as "Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915," and deny the Motion as unnecessary, because leave to proceed already has been granted.

DATED August 4, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge