IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01201-GPG

TERRELL RICHERT,

    Plaintiff,

v.

MESA COUNTY DETENTION FACILITY, et al.,

    Defendants.

## ORDER OF DISMISSAL

On June 8, 2015, Plaintiff Terrell Richert initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  After Plaintiff submitted his claims on a Court-approved form used in filing prisoner complaints, Magistrate Judge Gordon P. Gallagher granted Plaintiff leave to proceed pursuant to § 1915.  On the same day, June 22, 2015, Magistrate Judge Gallagher also directed Plaintiff to file an Amended Complaint that provides all information requested in the Prisoner Complaint form and that asserts claims against properly named parties.

In the Order to Amend, Plaintiff was told that claims asserted against the Mesa County Detention Facility and the Mesa County Sheriff's Department are considered as filed against Mesa County.  Plaintiff further was instructed that a municipality, such as the Mesa County, is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  Plaintiff further was instructed that he may name John/Jane Doe as a party but must provide sufficient information about the individual for the purpose of service.  Magistrate Judge Gallagher directed Plaintiff to amend the Complaint within

1

thirty days; he warned Plaintiff that if he failed to comply with the June 22 Order the Complaint and action would be dismissed without further notice.

On August 3, 2015, Plaintiff filed an Amended Complaint. In the caption of the Amended Complaint, Plaintiff lists only "Mesa County Detention Facility, et al." as the named defendant. He asserts three claims in the Amended Complaint. In the first claim, Plaintiff states that he was kicked by a "Big Red Headed Mesa County Sheriffs Deputy," which resulted in an injury to his leg, a stroke, and blindness in his left eye. Am. Compl., ECF No. 9, at 7. In Claim Two, Plaintiff asserts that Mesa County Detention Facility has destroyed and tampered with his mail, *id.* at 9, and in Claim Three, he asserts that the Mesa County Detention Facility Medical Department refuses to treat his ulcer and give him the proper dosage of his blood pressure medication, *id.* at 10.

Magistrate Judge Gallagher then entered a Second Order to Amend, ECF No. 10, on August 4, 2015, and directed Plaintiff to identify as defendants the individuals who personally violated his constitutional rights. Magistrate Judge Gallagher again instructed Plaintiff that the Mesa County Detention Facility is not a properly named defendant, that a supervisor is not responsible for the unconstitutional conduct of his subordinates, and that he may use fictitious names if he does not know the names of the individuals who violated his rights but he must provide sufficient information for the purpose of service. Plaintiff was warned that if he failed to comply within the time allowed the Complaint and action would be dismissed without further notice.

On August 17, 2015, the envelope in which the Second Order to Amend was mailed to Plaintiff was returned to the Court and marked, "RTS." Inadvertently, the Order had been mailed to an incorrect address. On September 16, 2015, the Court directed the Clerk's Office to resend the August 4 Second Order to Amend to Plaintiff at

the address he had provided to the Court on August 7, 2015.   Plaintiff was given thirty days from the September 16 Minute Order to comply with the August 4 Order.   Again, Plaintiff was told that if he failed to comply within the time allowed the action would be dismissed.

Plaintiff now has failed to file a Second Amended Complaint within the time allowed.   The Court, therefore, will dismiss the action for failure to comply with the Court's August 4, 2015 Order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 29th day of October, 2015.

BY THE COURT:

Christine M. Arguello

CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court